FIRST NATIONAL BANK OF OLNEY

V.

WILLIAM BEAIRD.

</div>

PROMISSORY NOTE—UNAUTHORIZED TRANSFER BY AGENT.—Where a party purchases negotiable paper, and without any indorsement to him, permits it to remain in the hands of the vendor, invested with all the evidence of ownership, and the latter afterwards indorses such paper to another for value, without notice, the loss must fall upon him whose act or neglect has enabled the agent to commit the wrong.

APPEAL from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed August 13, 1880.

Messrs. CANBY & SHAW, for appellant.

First Nat. Bank of Olney v. Beaird.

Mr. J. C. ALLEN, for appellee; that where the evidence is conflicting, a new trial will not be granted, cited Reynolds v. Palmer, 70 Ill. 288; Simons v. Waldron, 70 Ill. 281.

Though one of a series of instructions may be inaccurate, it will be cured by others which are correct. Nor. Line Packet Co. v. Binninger, 70 Ill. 571.

BAKER, J.    Henry Marshall sold sundry tracts of land to divers persons, and took from them in payment promissory notes, payable to himself, due in from one to six years, and amounting in the aggregate to about $1,900.    During the time of these transactions he was cashier of the First National Bank of Olney.    One series of the notes, amounting to $785, and executed by L. Cahill, were one year after their date, surrendered, and new notes payable to Beaird, the appellee, substituted.    Afterwards these latter notes, which had remained in the hands of Marshall, were in their turn surrendered, and new notes payable to Marshall taken.    Marshall became a defaulter to the bank, and was in the spring of 1877 discharged.    Thereupon he indorsed and delivered to the bank, in part payment of his indebtedness to it, the last substituted Cahill notes, and the notes taken by him from other persons in payment for land.    Beaird recovered a judgment against the bank at the April term, 1880, of the Richland Circuit Court, in an action of trover, for the conversion of the notes, for $1,750 damages.

On the trial, the evidence of appellee tended to show he purchased all the notes in controversy from Marshall, in January, 1876, and left them with him as cashier of the bank for collection.    The bank introduced evidence tending to show no such purchase of the notes had been made by appellee. Appellant also contended that even assuming the notes were the property of appellee, they were never in the custody of the bank prior to their assignment to it for value, and that Marshall was not acting with reference to them as its agent, but for himself in his own private business.    There is considerable testimony in the record tending to prove this theory of the case.    The court instructed the jury that if they believed from the evidence the notes in controversy belonged to the

plaintiff, then their verdict should be for the plaintiff. This was error. The jury if they regarded the instruction, must have concluded that if plaintiff purchased the notes from Marshall, then their verdict must be for him, regardless of the circumstances, and however they might find upon the other material questions of fact involved. If Marshall was not the agent of the bank as regards these notes, but sold them to appellee without making any indorsement thereon to him, and was permitted by appellee to retain them in his possession and control, and invested with all the evidences of ownership, and he afterwards indorsed them for value and without any notice to the bank of the claim of appellee, it would seem the law, at least as to all except the Cahill notes, was, on this branch of the defense with appellant. If a loss must fall on one of two innocent parties, it should fall on him whose act or neglect occasions the loss.

There may be a question as to the Cahill notes, for there was some evidence to show the officers of the bank had notice these notes had been changed, and this may have been sufficient to put the bank upon inquiry as to them. We do not regard this as a case where we can say the error in the instruction was cured by other instructions, and that it is evident the jury was not misled, or the defendant injured. At the best, this instruction and one given at the instance of appellant were in conflict, and this left the jury uncertain which to follow. Instructions should not be contradictory and misleading, and such as leave the jury in doubt as to the law arising upon the evidence. A number of material issues of fact were involved in the case, upon which the evidence was conflicting, and some of the testimony, to our minds, was of an unsatisfactory character, and it was perhaps more than usually important the instructions of the court should be accurate, clear and consistent. The judgment is reversed and the cause remanded, and a *venire facias de novo* awarded.

Reversed and remanded.